UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MENWON WONGBAY,<br>    Plaintiff,<br><br>    v.<br><br>BALISE TOYOTA OF WARWICK<br>(BALISE T, LLC), alias,<br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 22-cv-00458-MSM-LDA<br>)<br>)<br>)<br>) |

O R D E R

Mary S. McElroy, United States District Judge.

On December 28, 2022, the plaintiff, Menwon Wongbay ("Wongbay"), filed suit against her former employer Balise Toyota of Warwick ("Balise") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Rhode Island Fair Employment Practices Act, R.I.G.L. § 25-5-1 *et seq.* ("RIFEPA"), the Rhode Island Civil Rights Act of 1990, R.I.G.L. § 42-112-1 *et seq.* ("RICRA"), and the Rhode Island Payment of Wages Act, R.I.G.L. § 28-14-1 *et seq.* Balise has moved for partial dismissal of certain claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) The Court received no response from the plaintiff before the March 21, 2023, deadline and none has been filed since that time.

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims and draw all reasonable inferences in favor of the nonmoving party. "The complaint must contain sufficient factual matter to state a plausible claim." *Medina-Velázquez v. Hernández-Gregorat*, 767 F.3d 103,

108 (1st Cir. 2014). "When deciding a 12(b)(6) motion, 'the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.'" *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *Vega–Encarnacion v. Babilonia,* 344 F.3d 37, 41 (1st Cir. 2003)).

Balise has moved to dismiss claims alleging discrimination relating to ethnicity from Count I of the Complaint as well as claims alleging discrimination relating to ethnicity and age in Counts II and III. Balise argues that the plaintiff has failed to assert exhaustion of administrative remedies on those claims. The plaintiff alleges in her Complaint that "[o]n or about October 12th, 2021, Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination on the basis of race, color, retaliation, and a hostile workplace." (ECF No. 1 ¶ 7.) There is no claim that she filed a charge of discrimination with the RICHR or the EEOC with respect to either ethnicity or age.

Title VII requires exhaustion of administrative remedies as a pre-condition to suing in federal court. *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832, (1976); *Jensen v. Frank*, 912 F.2d 517, 520 (1st Cir. 1990). Exhaustion "is one among related doctrines—including abstention, finality, and ripeness—that govern the timing of federal-court decision making." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Federal court complaints are generally limited to the charge filed with the EEOC though the "exact wording of the charge of discrimination need not presage with

literary exactitude the judicial pleadings which may follow" as long as "the claims set forth in the civil complaint come within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Fantini v. Salem State Coll.,* 557 F.3d 22, 27 (1st Cir. 2009).

Similarly, the RIFEPA requires an aggrieved employee to exhaust administrative remedies by filing a charge with the Rhode Island Commission for Human Rights ("RICHR") prior to commencing civil action. R.I.G.L. § 28-5-24.1(a). If conciliation does not succeed the aggrieved employee may request a right to sue in court and once the RICHR has granted the right to sue, "the proceedings are terminated, and the administrative remedies have been exhausted." *Barber v. Verizon New England, Inc.*, No. 05–390, 2005 WL 3479834, at *2 (D.R.I. Dec. 20, 2005). The aggrieved employee may then commence civil action and the complaint must be "'reasonably within the scope of an agency investigation of those' made in the administrative charge." *Baez v. Elec. Boat Corp.,* No. 15-509, 2016 WL 3976359, at *2 (D.R.I. May 16, 2016) (quoting *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996)).

The plaintiff filed a Charge of Discrimination with the EEOC and the RICHR on or about October 12, 2021, in which she alleged "discrimination on the basis of race, color, retaliation, and a hostile workplace." (ECF No. 1 ¶ 7.) In Count I of her Complaint, Ms. Wongbay includes a claim for discrimination based on ethnicity, which was not included in the EEOC administrative charge. In Count II, she includes claims of discrimination based on ethnicity and age, which were also not included in

the RICHR administrative charge. Ms. Wongbay did not oppose the Motion to Dismiss and failed to assert in her Complaint that the ethnicity and age claims were included in her administrative charges. She also failed to assert that ethnicity and age claims reasonably grew from the EEOC investigation or that the claims were reasonably within the scope of the RICHR investigation. *See Fantini,* 557 F.3d 22 at 27; *Baez*, 2016 WL 3976359, at *2.

Accordingly, the Court finds that Ms. Wongbay has failed to exhaust EEOC administrative remedies for her ethnicity claim in Count I and failed to exhaust RICHR administrative remedies for ethnicity and age claims in Count II. Those claims therefore are dismissed.

Balise next asserts that for her RICRA claim in Count III, the plaintiff's allegations are outside the scope of the statute of limitations, which it contends is one year. But the statute of limitations for commencing a civil action for violation of RICRA is three years. R.I.G.L. § 42-112-2. The plaintiff was terminated on March 15, 2021 and filed this suit on December 28, 2022—well within the three-year statute of limitations. (ECF No. 1 ¶ 25.)

Moreover, RICRA does not have an administrative exhaustion requirement, so any failure to assert ethnicity and age to the RICHR is irrelevant to the plaintiff's RICRA claim. *See Ward v. City of Pawtucket Police Dep't,* 639 A.2d 1379, 1382 (R.I. 1994); *Richardson v. Whitmarsh Corp.*, No. 07-309 ML, 2009 WL 5178075, at *15 (D.R.I. Dec. 29, 2009). Thus, the plaintiffs claim of violation of RICRA because of discrimination based on ethnicity and age are timely and properly before the Court.

4

For these reasons, Balise's Partial Motion to Dismiss (ECF No. 11) is GRANTED as to ethnicity claims in Count I and ethnicity and age claims in Count II but DENIED as to the ethnicity and age claims in Count III.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
August 3, 2023